UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

MICHAEL ALLEY and TINA ROBBINS,

     Plaintiffs

v.

DREAMS COLONY 2017, LLC, a Florida limited
liability company d/b/a OCEAN CREST MOTEL;
TZVI KOHN, an individual, and HERBERT RIFKIN,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiffs, MICHAEL ALLEY and TINA ROBBINS, by and through their undersigned attorney, files this, their Complaint for Damages against Defendants, DREAMS COLONY 2017, LLC d/b/a OCEAN CREST MOTEL (hereinafter, "DREAM"), TZVI KOHN, an individual, and HERBERT RIFKIN and state as follows:

### INTRODUCTION

1.  This is an action by both Plaintiffs to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment ("FMWA"), Article X, §24 of the Florida Constitution.  Plaintiffs also bring claims for unpaid overtime under the FLSA.

### JURISDICTION

2.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3.    At all times pertinent to this Complaint, the Defendants operated a beachfront motel in Ormond Beach, Florida known as the Ocean Crest Motel.

4.    At all times pertinent to this Complaint, Defendants regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5.    Plaintiffs' work at the motel involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.   These materials included office supplies, telephones, credit card processing equipment, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation/cleaning of a motel.   These materials were manufactured outside the State of Florida.

6.    During the relevant time period, the Defendants employed at least two other individual besides the Plaintiffs who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).  These materials also included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel unit/apartment rentals—and, were manufactured outside the State of Florida.

7.    Upon information and belief, during the period of the Plaintiffs' employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

8.    In addition to the foregoing, the Plaintiffs are entitled to the protections of the FLSA as they were "individually covered" by that statute.   During their employment, they were required to

2

use instrumentalities of interstate commerce on a regular and recurrent basis.  The Plaintiffs used instrumentalities of interstate commerce (telephone, email, internet, web sites, mail) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' *motel*, particularly as to motel guests physically residing out-of-state.  In addition, on a regular and recurrent basis, Plaintiffs processed credit card payments for the Defendants using instrumentalities of interstate commerce to make calls and or connections (*via* telephone and/or broadband) to banks and credit card processors outside the State of Florida.

9.   The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

10.   The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

11.   The venue of this Court over this controversy is based upon the following:

      a.    The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

      b.    Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

12. At all times material hereto, Plaintiff, MICHAEL ALLEY was a resident of Volusia County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

13. At all times material hereto, Plaintiff, TINA ROBBINS was a resident of Volusia County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

14. At all times material hereto, the Defendants were conducting business in Volusia County, Florida.

15. At all times material hereto, the Defendants were the employers of the Plaintiffs.

16. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

17. At all times material hereto, Defendants failed to pay Plaintiffs  wages in conformance with the FLSA or the FMWA.

18. Defendants committed a willful, malicious and unlawful violation of the FLSA and FMWA and, therefore, are liable for monetary damages.

19. At all times material hereto, DREAM was an "enterprise engaged in commerce" within the meaning of the FLSA.

20. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

21. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

22.  From November 24, 2019 and through about August 31, 2020, the Plaintiffs were employed by the Defendants to provide a variety of services related to the Defendants' operation of a motel, including but not limited to cleaning, taking/processing reservations, management, housekeeping, maintenance, and customer service.

23.  The Defendants' motel is frequently visited by out-of-state residents.  Because Plaintiffs frequently worked in the DREAM motel office, the Plaintiffs frequently would speak to motel guests (or prospective guests) who were outside the State of Florida, regarding motel business.

24.  DREAM failed to keep records in full compliance with the FLSA's recordkeeping requirements, with respect to the Plaintiffs' respective employment.

25.   The Defendants failed to pay the Plaintiffs any wages whatsoever during their employment.

26.  During their employment, the Plaintiffs stayed in a room at DREAM so they could respond to motel guest issues at all times of day/night.

27.  During Plaintiffs' employment, the Defendants failed to pay them at or above the applicable minimum wage for hours worked.

28.  Even though Plaintiffs worked in excess of forty hours per week, Defendants failed to pay them at the rate of time-and-one-half times the applicable minimum wage.

29.  Defendant TZVI KOHN was a supervisor and manager/owner who was involved in the day-to-day operations of the limited liability company Defendant, and was directly responsible for the supervision of Plaintiffs  Therefore, he is personally liable for the FLSA and FMWA violations.

30.  Defendant HERBERT RIFKIN was a supervisor and manager/owner involved in the day-to-day operations of DREAMS, and was directly responsible for the supervision of Plaintiffs  Therefore, he is personally liable for the FLSA and FMWA violations.

31.  Defendants TZVI KOHN and HERBERT RIFKIN were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

32.  Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

33.  Plaintiffs reallege Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.  Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

35.  29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

36.  During Plaintiffs employment, Defendants paid them less than the statutory minimum wage for all of their work hours.

37.  The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiffs.

38.  As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

a.      judgment in their favor for all unpaid minimum wages due;

b.      liquidated damages;

c.      attorneys' fees and costs pursuant to the FLSA;

d.      post-judgment interest; and

e.      all other and further relief this Court deems to be just and proper.

**COUNT II**

**VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION**

39.  Plaintiffs reallege Paragraphs 1 through 32 as if fully stated herein.

40.  Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

41.  During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for their work hours.  To be sure, Plaintiffs were paid no compensation.

42.  The Defendants acted willfully and maliciously in paying Plaintiffs below the minimum wage.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

    a.      Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;

    b.      Awarding Plaintiffs all back wages due and owing in the amount calculated above;

    c.      Awarding Plaintiffs liquidated damages in the amount equal to her back wages;

    d.      Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

    e.      Awarding Plaintiffs prejudgment and post-judgment interest;

    g.      Awarding such other and further relief this Court deems to be just and proper.

**COUNT III**

**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

43.  Plaintiffs realleges Paragraphs 1 through 32 as if fully stated herein.

44.  Since Plaintiffs' date of hire with Defendants, in addition to their normal regular work week, the Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

45.  Plaintiffs were entitled to be paid at the rate of time and one-half for their work hours worked in excess of the maximum hours provided for in the FLSA.

46.  Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by them in excess of the maximum hours provided for in the FLSA.

47.  Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.  Defendants also failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

48.  As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs were entitled to liquidated damages pursuant to the FLSA.

49.  Due to the willful, malicious and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

a.     Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b.     Awarding Plaintiffs overtime compensation in the amount calculated ($15,347.75);

c.       Awarding Plaintiffs liquidated damages;

d.       Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this

litigation pursuant to 29 U.S.C. § 216(b);

e.       Awarding Plaintiffs post-judgment interest; and

f.       Ordering any other and further relief this Court deems to be just.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Date:  October 13, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiffs
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:     s/.  Peter Bober
        PETER BOBER
        FBN:  0122955

9